NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CAIANO, | Civil Action No. 18-11271 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Michael Caiano ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be reversed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 30, 2014. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on March 15, 2017, and the ALJ issued an unfavorable decision on September 11, 2017. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of September 11, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform his past relevant work as a semiconductor cleaner. In the alternative, at step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with four arguments, all of which are variants of the argument that the ALJ erred at step four by failing to properly evaluate Plaintiff's residual functional capacity with regard to his heachaches. This Court need only reach the argument that succeeds: the Commissioner's decision is contrary to Third Circuit law, as stated in Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 357 (3d Cir. 2008).

At step four, the ALJ discussed the medical evidence of record. The parties do not dispute that the medical evidence shows that Plaintiff underwent surgery for a brain aneurysm on March 2, 2015, and that he has reported heachaches since the surgery. At issue is only the determination that, post-surgery, Plaintiff retains the residual functional capacity to perform light work. The ALJ reviewed the report by treating physician Dr. Miley, dated January 19, 2016, which stated that Plaintiff's "heachaches are constant and can interfere with work." (Tr. 712.) The report also stated that Plaintiff was unable to perform work of any kind, and that it was

2

expected that these barriers to work would last longer than 12 months. (Tr. 712.) The ALJ then reviewed two reports by treating physician Dr. Abdullah, one dated March 22, 2016 (Tr. 713) and one dated February 24, 2017 (Tr. 739), both of which stated that, due to severe headaches, Plaintiff was unable to perform work of any kind, and that it was expected that these barriers to work would last longer than 12 months. The ALJ also reviewed the residual functional capacity assessment questionnaire completed by Dr. Abdullah on March 29, 2017, which provided more details about particular skills, but similarly concluded that Plaintiff is totally disabled. (Tr. 786-791.)

The ALJ also reviewed records from treating neurologist Dr. Singh. A report by Dr. Singh, dated September 3, 2016, reported constant headache pain and concluded that Plaintiff is disabled. (Tr. 780-82.) The ALJ also reviewed a physical functional capacity assessment completed by state agency reviewer Dr. McCary on November 6, 2014 which, in short, stated functional capacities identical to the determination made by the ALJ at step four. (Tr. 93-95.) The ALJ also reviewed a physical functional capacity assessment completed by state agency reviewer Dr. Rowlands on April 8, 2015 which again, in short, stated functional capacities identical to the determination made by the ALJ at step four. (Tr. 108-09.)

This is a case in which dates matter. The hearing was held on March 15, 2017, and the ALJ's decision cites a medical report from Dr. Abdullah dated March 29, 2017. The latest report by treating physician Dr. Miley is dated January 19, 2016. The latest report by treating physician Dr. Singh is dated September 3, 2016. The ALJ credited the reports by agency reviewers, the report by Dr. McCary dated November 6, 2014, and the report by Dr. Rowlands dated April 8, 2015.

3

At issue before the ALJ was the question of whether Plaintiff's headaches, after his brain surgery in March of 2015, were disabling. In short, the ALJ rejected or gave little weight to the unanimous reports from the three treating physicians and credited the reports from the state agency reviewers, one from before the surgery, and one about a month after. At issue now, on review, is the question of whether the ALJ's disability determination is supported by substantial evidence. This Court agrees with Plaintiff that it is not supported by substantial evidence and that it is contrary to Third Circuit law.

Plaintiff cites <u>Brownawell v. Comm'r of Soc. Sec.</u>, 554 F.3d 352, 357 (3d Cir. 2008), which is on point and controlling authority. Like the instant case, <u>Brownawell</u> involved a claimant with a history of migraine headaches, and the ALJ had given little weight to the treating physician evidence and much greater weight to the opinion of a non-examining psychologist. <u>Id.</u> at 355. The Third Circuit reversed the Commissioner's determination and summarized its decision as follows: "The ALJ's disability determination is not supported by substantial evidence, because he relied on facts that were clearly erroneous in making a decision that failed to give appropriate weight to the opinion of Brownawell's treating physician, Dr. Phillip Grem, and her consulting psychiatrist, Dr. Picciotto, and instead improperly favored the opinion of the non-examining psychologist, Dr. Jonathan Rightmyer." <u>Id.</u> In reaching this conclusion, the Third Circuit quoted this holding from <u>Dorf</u>: "We have consistently held that it is improper for an ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician." <u>Dorf v. Bowen</u>, 794 F.2d 896, 901 (3d Cir. 1986).

Plaintiff specifically points to this quote in <u>Brownawell</u>, and it is apposite. In the instant

4

case, the ALJ credited the reports of consulting physicians who had not examined the claimant, and the conclusions of those physicians conflict with the reports of the claimant's treating physicians. That alone requires that the Commissioner's decision be reversed. The circumstances of this case further support the justness of that decision. As already discussed, the key question in this case is whether Plaintiff's headaches, post-brain surgery, are disabling. The brain surgery occurred on March 2, 2015. State agency reviewer Dr. McCary's report is dated November 6, 2014 – before the surgery –, and so it is not relevant to Plaintiff's status after the surgery. Dr. Rowlands' report is dated April 8, 2015, approximately one month after the surgery. It was roughly two years later that the ALJ held the hearing in this case, and well over two years after the surgery when the ALJ issued his decision. The record contains reports from the three treating physicians with dates of January 19, 2016, September 3, 2016, and March 29, 2017. By virtue of the dates alone, these reports are more likely to accurately reflect Plaintiff's abilities and limitations in the two-year period following the surgery. Furthermore, the Court observes that the reports from the treating physicians are unanimous: all three agree that Plaintiff experiences headaches that are totally disabling. All three conflict with the opinions of the state agency reviewers. Under these circumstances, the application of the holdings of <u>Dorf</u> and <u>Brownawell</u> is particularly just. It was error for the ALJ to credit the opinions of the state agency reviewers and to reject the opinions of the treating physicians.

This case presents the rare circumstance in which a judicial award of disability benefits is merited. "[A] judicial award of benefits would be proper where the proof of disability is overwhelming or where the proof is very strong and there is no contrary evidence." <u>Seavey v. Barnhart</u>, 276 F.3d 1, 11 (1st Cir. 2001); <u>Faucher v. Secretary of Health & Human Servs</u>., 17

F.3d 171, 176 (6th Cir. 1994) (same); Gavin v. Heckler, 811 F.2d 1195, 1201 (8th Cir. 1987) ("where the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his disability by medical evidence on the record as a whole, we find no need to remand.") In this case, the record is complete, and there are no factual questions for the Commissioner to resolve. Proof of disability in this case is very strong – based on the unanimous opinions of three treating physicians. The only relevant piece of contrary evidence is the report of state agency reviewer Dr. Rowlands. Under Third Circuit law, pursuant to Brownawell, it is error to credit the opinion of Dr. Rowlands and to reject the opinions of the treating physicians. Under Third Circuit law, therefore, on this record, the only valid outcome is a finding that Plaintiff is disabled.

    This Court finds that the Commissioner's decision is not supported by substantial evidence and that it is contrary to Third Circuit law. The Commissioner's decision is reversed. Plaintiff has proven that he has been disabled, within the meaning of the Social Security Act, since July 30, 2014. This Court awards Plaintiff disability benefits, and this case is remanded to the Commissioner solely for the calculation of the amount of benefits to which Plaintiff is entitled.

                                                    s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.

Dated: July 25, 2019