UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CAIANO, | |
| Plaintiff, | Civil Action No. 18-11271 (SRC) |
| v. | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

    This matter comes before the Court on the supplemental motion for attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff Michael Caiano.  Although the Commissioner responded to the motion, it appears to be only clarifying, not opposing. For the reasons stated below, the motion will be granted.

    In 2016, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process.  The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded.  Counsel represented Plaintiff through numerous steps and levels of the appeal process. Plaintiff ultimately prevailed and, on February 10, 2020, the Social Security Administration issued an Award Notice stating the amount of past due benefits due to Plaintiff's minor child.

    Plaintiff's minor child was authorized retroactive benefits of $47,721.00.  Counsel now asks this Court to authorize payment of the amount of $10,000.00 in fees, which is less than the 25% to which she is contractually entitled.  Counsel contends that the requested fee is fair and reasonable given that Plaintiff's minor child recouped five years in wrongfully denied past-due

benefits thus far, and the number of hours spent pursuing Plaintiff's federal court case (over 45 hours).

The statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and his counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and Plaintiff's counsel seeks less than the 25% rate to which she is contractually entitled, and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable.

For these reasons,

**IT IS ON THIS** 7th DAY OF July, 2020

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 33) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes a payment to Sheryl Gandel Mazur, Esquire, in the amount of $10,000.00 in attorney's fees which have been withheld from Plaintiff's child's past-due benefits for court-related services.

                                                s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.